SCHOOLS
The employment negotiation process and incidental meetings between professional organizations representing professional educators and a school district board of education therein represented by a negotiation team consisting of one board member and/or school administrators does not constitute a meeting(s) of a public body within the purview of the Oklahoma Open Meeting Act and would not be subject to its provisions The Attorney General has considered your request for an opinion wherein you ask the following question: "A. Is the negotiation process between ACT and the Board of Education's team subject to the provisions of the Open Meeting Law? "a. What if one member of the Board's team is actually a member of the Board of Education and other negotiation team members are administrators? "b. What if the procedural agreement provides that only members of the negotiation teams shall be present during negotiations ?" For purposes of this opinion, it is understood that the reference to ". . . the negotiation process between ACT and the Board of Education's team . . ." refers to the employment contract collective bargaining "process" between professional organizations representing professional educators and an employing school board of education acting (in the negotiation process) by and through its designated representatives or team, the same being as authorized and contemplated under the provisions of 70 O.S. 509.1 [70-509.1] et seq. (1971), as amended. It is further understood that the reference to "negotiation process" generally refers to the various meetings between the school board's designated representative group and the professional organizations representative group wherein actual negotiation discussions transpire. The answer to this question is dependent upon a determination of whether the subject meetings or negotiation process is one held or conducted by a "public body" as defined by law and whether the subject meetings or process constitute, in law, meetings of a public body. The recently amended "Oklahoma Open Meeting Act" is set forth at Title 25 O.S. 301 [25-301] et seq. (1977). From a plain reading of 25 O.S. 303 [25-303] (1977), it is apparent that the Open Meeting Act, and its various procedural and substantive provisions, applies to "all meetings of public bodies." 25 O.S. 304 [25-304] of this Act defines "public body" as follows: "'Public body' means the governing bodies of all municipalities located within the State of Oklahoma, boards of county commissioners of the counties in the State of Oklahoma, boards of public and higher education in the State of Oklahoma and all boards, bureaus, commissions, agencies, trusteeships, authorities, councils, committees, public trusts, task forces or study groups in the State of Oklahoma supported in whole or in part by public funds or entrusted with the expending of public funds, or administering public property, and shall include all committees or subcommittees of any public body. It shall not mean the state judiciary or the State Legislature or administrative staffs of public bodies, including, but not limited to, faculty meetings and athletic staff meetings of institutions of higher education, when said staffs are not meeting with the public body." This section also defines "meeting", and in this connection, provides: "2. 'Meeting' means the conducting of business of a public body by a majority of its members being personally together." Emphasis added The submitted question notes that the negotiation process is one conducted by a group consisting of representatives of the professional educators and designated representatives of the board of education. The concerned professional educators are clearly not a public body as defined by law nor associated, in this context, with a public body. It is additionally stated that the school board representative group or negotiating team may consist of one board member and/or other school administrators employed by the board, i.e., administrative staff personnel. While a plain reading of the statutory definition of a "public body" (above-quoted) reflects that "all committees or subcommittees of any public body" are included within the definition of a public body, we are unable to interpret this to include the subject school board representative group or negotiating team under the circumstances involved. In this connection, it is noted that the meeting entity, i.e., the combined group conducting the so-called negotiation process, consists only partially of the school boards negotiating team. The remainder of those constituting the meeting group are clearly not encompassed within 25 O.S. 304 [25-304], supra. It is additionally noted that the board's negotiating team, viewed separate and apart from the combined negotiating group, consists of administrative staff personnel with the exception of a single participating board member. Under these circumstances, we are unable to categorize the school board negotiating team as a committee or subcommittee such as is encompassed within the definition of a public body. For the reasons above-stated, it must be concluded that the combined group engaging in the "negotiation process" is not a "public body" as defined by 25 O.S. 304 [25-304], supra., and further that their respective meetings do not constitute the meeting(s) of a public body as is also defined by said section. Accordingly, since such meetings would not constitute the meetings of a public body as contemplated under the Open Meeting Act, such meetings or "negotiation process" would not be subject to the Open Meeting law. It is, therefore, the opinion of the Attorney General that your question be answered as follows. The employment negotiation process and incidental meetings between professional organizations representing professional educators and a school district board of education therein represented by a negotiation team consisting of one board member and/or school administrators does not constitute a meeting(s) of a public body within the purview of the Oklahoma Open Meeting Act and would not be subject to its provisions. (R. THOMAS LAY) (ksg)